IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL MCLAUGHLIN : | CIVIL ACTION |
| : | |
| v. : | |
| : | |
| PENNSYLVANIA BOARD OF : | |
| PROBATION AND PAROLE, et al.[1] : | NO. 16-3724 |

## REPORT AND RECOMMENDATION

ELIZABETH T. HEY, U.S.M.J.                                          December 22, 2016

This is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by Michael McLaughlin, who is currently on probation in relation to his 2007 conviction for stalking.[2]  For the reasons that follow, I recommend that the petition be stayed pending the state courts' consideration of Petitioner's pending post-conviction petition.

---

[1] McLaughlin named the District Attorney of Philadelphia County and the Attorney General of Pennsylvania as the respondents in this case.  Because McLaughlin is currently on probation, the state officer having current custody of him is the Board of Probation and Parole ("the Board").  See Rules Governing Section 2254 Cases, Rule 2(a) (requiring state custodial officer to be named as respondent).  Thus, I have amended the caption to accurately reflect the Board as the respondent in this case.

[2] At the time of his conviction, McLaughlin was sentenced to confinement for 2 - to- 4 years followed by 3 years' probation.  McLaughlin's subsequent violations of his probation have resulted in additional terms of confinement and probation.  See Commonwealth v. McLaughlin, CP-51-CR-0303571-2006, Docket Sheet (Phila. C.C.P.) docket entries dated 6/21/16 (probation/parole continued), 5/31/16 (probation/parole continued), 4/19/16 (violation penalties imposed ), 5/23/14 (probation/parole continued).

1

## I.     FACTS AND PROCEDURAL HISTORY[3]

On September 4, 2007, a jury convicted McLaughlin of stalking. N.T. 9/4/07 at 142. The Honorable Willis Berry sentenced McLaughlin to confinement for 2 -to- 4 years followed by 3 years' probation. N.T. 10/30/07 at 33-37.[4] Appointed counsel filed a notice of appeal, see Commonwealth v. McLaughlin, CP-51-CR-0303571-2006, Notice of Appeal (filed Nov. 30, 2007), which was subsequently quashed by the Superior Court because the appeal was untimely filed. See Commonwealth v. McLaughlin, 3144 EDA 2007, Docket Sheet (Pa. Super. docket entry dated Jan. 26, 2009).

McLaughlin's direct appellate rights were reinstated by the Honorable Sheila Woods-Skipper on October 22, 2009. Commonwealth v. McLaughlin, CP-51-CR-0303571-2006, Order Granting PCRA Petition (Phila. C.C.P. Oct. 22, 2009). In his direct appeal, McLaughlin claimed the court's pro se colloquy was inadequate and his trial counsel was ineffective for failing to object to the inadequate colloquy. Commonwealth v. McLaughlin, 3144 EDA 2009, Response to Rule 1925(b) Order (filed Feb. 12, 2010). On November 8, 2010, the Superior Court affirmed the judgment of sentence. Commonwealth v. McLaughlin, 3144 EDA 2009, Memorandum (Pa. Super.

---

[3] The record suggests that, at some point prior to trial, McLaughlin was represented by the Defender Association of Philadelphia. During that time, I was an attorney in the Federal Division of the Defender Association. Although McLaughlin challenges the validity of his counsel waiver colloquy, the Defender Association did not represent McLaughlin at the time of that waiver. N.T. 2/26/07 at 1. Therefore, I find no basis to recuse myself from considering his petition.

[4] As will be discussed, McLaughlin waived his right to counsel and proceeded pro se at trial with standby counsel. N.T. 2/26/07.

Nov. 8, 2010).[5] The Pennsylvania Supreme Court denied McLaughlin's petition for allowance of Appeal on April 7, 2011. Commonwealth v. McLaughlin, 657 EAL 2010, Order (Pa. Apr. 7, 2011).

On April 4, 2012, McLaughlin filed a petition pursuant to Pennsylvania's Post-Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541-9551. Commonwealth v. McLaughlin, CP-51-CR-0303571-2006, Petition for Post-Conviction Relief and Legal Argument (Phila. C.C.P. filed 4/4/12). After McLaughlin filed several amended petitions (filed 7/9/12, 1/3/13, and 5/22/14), and the court held several hearings and heard argument (N.T. 1/10/14, 1/15/14, 5/22/14, 5/27/14, 5/29/14), the Honorable Michael Erdos denied the petition. Commonwealth v. McLaughlin, CP-51-CR-0303571-2006, Order (Phila. C.C.P. May 29, 2014). On appeal, McLaughlin argued that the PCRA court erred by denying relief where the trial court did not conduct an adequate waiver of counsel colloquy and the trial court judge exhibited bias in favor of the Commonwealth because he was the subject of a criminal investigation. The Superior Court affirmed the denial of PCRA relief on December 8, 2015, finding that McLaughlin had presented his challenge to the counsel colloquy on direct appeal and his bias claim was not cognizable under the PCRA and meritless in any event. Commonwealth v. McLaughlin, No. 1965

---

[5] In its opinion, the Superior Court noted that claims of ineffective assistance of counsel are properly deferred to collateral appeal and concluded that such issue was not properly before the court. Commonwealth v. McLaughlin, 3144 EDA 2009, Memorandum at 3 (Pa. Super. Nov. 8, 2010).

3

EDA 2014, Memorandum (Dec. 8, 2015).[6] The Pennsylvania Supreme Court denied McLaughlin's petition for allowance of appeal on April 13, 2016. Commonwealth v. McLaughlin, 12 EAL 2016, Docket Sheet (Pa.) (entry for Apr. 13, 2016).[7]

On June 3, 2016, McLaughlin filed a second PCRA petition. Commonwealth v. McLaughlin, CP-51-CR-0303571-2006, Docket Sheet (Phila. C.C.P.) (entry for June 3, 2016).[8] As of this writing, that petition remains pending.

On July 7, 2016, McLaughlin filed this petition for habeas corpus claiming that he was denied the right to trial counsel, never waived counsel, and the trial judge was corrupt and failed to recuse himself. Doc. 1 ¶ 12 GROUND ONE, GROUND TWO. The Honorable Nitza I. Quiñones Alejandro referred the petition to the undersigned for a Report and Recommendation. Doc. 7. On October 17, 2016, McLaughlin requested the federal court to stay consideration of his habeas petition in light of his pending PCRA

---

[6] Specifically, the Superior Court noted that Judge Berry did not become aware of any potential criminal investigation until June 25, 2009, nearly two years after McLaughlin's conviction. Commonwealth v. McLaughlin, No. 1965 EDA 2014, Memorandum at 11 (Pa. Super. Dec. 8, 2015).

[7] The Common Pleas Court docket mistakenly reflects that the Pennsylvania Supreme Court granted a petition for allowance of appeal on January 7, 2016, the date McLaughlin filed the petition.

[8] Technically, this was McLaughlin's third PCRA petition because he obtained reinstatement of his direct appellate rights as a result of his first petition. However, for ease of discussion, I will consider the PCRA petition filed on April 4, 2012, after his direct appeal, his first petition and the PCRA petition filed on June 3, 2016, his second PCRA petition.

petition. Doc. 5.[9] On November 28, 2016, McLaughlin provided this court a copy of a filing he made with respect to his PCRA petition. In the filing to the state court, McLaughlin addressed both claims presented in his habeas petition. Notably, McLaughlin alleges that his trial judge's arrest and subsequent conviction on July 22, 2015, provide a basis for his argument that the trial judge was biased. Doc. 12 at 2. Although the District Attorney has not yet responded to the habeas petition or McLaughlin's motion to stay consideration of his petition, considering the posture of the claims raised in the habeas petition, I will recommend that the case be stayed pending the state courts' review of McLaughlin's current PCRA petition.

## II.     DISCUSSION

Absent unusual circumstances, the federal court will not consider the merits of a habeas corpus petition unless the petitioner has complied with the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A). Exhaustion requires that the petitioner give the state courts an opportunity to review his allegations of error before seeking relief in the federal court. Baldwin v. Reese, 541 U.S. 27, 29 (2004) (citing Duncan v. Henry, 513 U.S. 364, 365 (1995)). Pursuant to the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"),

> [a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of

---

[9]At the time McLaughlin filed his request to stay his petition, I had not yet received the state court record and could not verify that McLaughlin was in custody at the time he filed his habeas petition. If he had completed serving the stalking sentence when he filed his habeas petition, the federal court would not have jurisdiction to consider the petition. See 28 U.S.C. § 2254(a) (requiring habeas petition to be in custody). Having received the record, I have confirmed that McLaughlin was on probation in relation to his stalking conviction at the time he filed his petition.

>  the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(c).

Based on the procedural history I compiled from a review of the state court record, McLaughlin's claim regarding the denial of counsel/challenge to the counsel colloquy is exhausted. However, to the extent McLaughlin is now claiming that the trial judge's bias was based, not on a pending criminal investigation, but the underlying activities for which the judge was convicted after McLaughlin filed his PCRA petition, the claim is not exhausted and appears to be pending before the trial court in his second PCRA petition. Thus, the petition is "mixed," containing both exhausted claims and an unexhausted claim.

In <u>Rhines v. Weber</u>, 544 U.S. 269 (2005), the Supreme Court recognized that the exhaustion requirement can conflict with AEDPA's one year statute of limitations. The Supreme Court specifically considered the issue of mixed petitions, those containing both exhausted and unexhausted claims, observing that

> [a]s a result of the interplay between AEDPA's 1-year statute of limitations and [Rose v.] Lundy's dismissal requirement, [455 U.S. 509 (1982)] petitioners who come to federal court with "mixed" petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims.

544 U.S. at 275. In such cases, if the petitioner can show good cause for failing to exhaust and that his unexhausted claims have potential merit, the Court approved the use of a "stay and abbey" procedure. By staying the federal petition rather than dismissing it, a petitioner can complete the state procedures necessary to comply with AEDPA's

6

exhaustion requirement without the need to re-file at a point in time that might be outside of the statute of limitations. This procedure protects the concerns of both comity and finality by giving the state courts the first opportunity to address the unexhausted claims and preserving the petitioner's exhausted claims from an untimely fate if the federal court were to dismiss a mixed petition. Id. at 278. Whether to stay a petition under Rhines is discretionary with the district court, guided by the timeliness concerns at issue. Id. at 277-78.

McLaughlin appears to have protectively filed to maintain the timeliness of his habeas petition, and he asks that this court issue a stay pending the state court's final resolution of his pending PCRA petition. See Doc. 5. McLaughlin's current habeas petition appears to be timely filed. The Pennsylvania Supreme Court denied his petition for allowance of appeal on April 7, 2011, making McLaughlin's conviction final 90 days later when the time for seeking certiorari in the United States Supreme Court expired. Martin v. Horn, 187 F.3d 333, 337 (3d Cir. 1999) (finding that a conviction becomes final on direct appeal upon the expiration of the time to seek the next level of available appellate review if such review is not sought). He thereafter had one year, or until July 6, 2012, to file his federal petition. See 28 U.S.C. § 2244(d)(1)(A).

He filed his first PCRA petition on April 4, 2012, tolling the habeas limitations period 273 days after it had begun to run. See 28 U.S.C. § 2244(d)(2) (time during which properly filed application for state post-conviction review shall not be counted toward limitation period). The limitations period remained tolled until April 13, 2016, when the Pennsylvania Supreme Court denied allocator in his collateral appeal. See

7

Lawrence v. Florida, 549 U.S. 327 (2007) (limitations period not tolled for appeal to United States Supreme Court in state collateral appeal). At that point McLaughlin had 92 days to timely file his habeas petition, which he filed on July 7, 2016, just 7 days before the habeas limitations period expired.[10]

I conclude that McLaughlin's stay request should be granted. He has brought both an exhausted claim and an unexhausted claim in a timely petition and has shown good cause for his failure to exhaust by having first sought review in state court of a claim alleging newly discovered evidence. If the state courts determine that his second PCRA petition is untimely or otherwise "improperly filed," none of the time after April 13, 2016 will be excluded from the federal habeas limitations period. Thus, by the time the state courts conclude review of his currently pending PCRA petition, if they decided his PCRA petition was untimely, he would be out of time to file in federal court.[11]

### III. CONCLUSION

For the foregoing reasons, I recommend that McLaughlin's habeas petition be placed in suspense and that he and the District Attorney notify this court within thirty

---

[10] At this point, it is unclear whether the PCRA petition McLaughlin filed on June 3, 2016 will toll the habeas limitations period. If the state courts find the petition untimely, the time during which it is pending in the state court will not serve to toll the habeas limitations period. See Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005) (state court's determination of timeliness of state collateral petition is the "end of the matter" for purposes of habeas limitations period).

[11] The stay is also appropriate because it appears McLaughlin has nearly completed his sentence, see Commonwealth v. McLaughlin, CP-51-CR-0303571-2006, Order (Phila. C.C.P. Jan. 29, 2014) (imposing 3 years' probation on January 1, 2014), which would render the court without jurisdiction to consider a newly filed habeas petition.

days of the conclusion of the state court proceedings, so that the habeas petition may proceed in this court if necessary.

Accordingly make the following:

## **R E C O M M E N D A T I O N**

AND NOW, this   22nd   day of   December  , 2016, IT IS RESPECTFULLY RECOMMENDED that the petition for writ of habeas corpus be placed in suspense pending Petitioner's exhaustion of state court remedies and the order for an answer be VACATED.  IT IS FURTHER RECOMMENDED that the court require Petitioner and Respondents to notify the court within thirty days of the conclusion of the state court proceedings so the habeas petition may proceed in this court.  Petitioner may file objections to this Report and Recommendation.  See Local Civ. Rule 72.1. Failure to file timely objections may constitute a waiver of any appellate rights.

/s/ELIZABETH T. HEY

ELIZABETH T. HEY, M.J.